# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

WILLIAM N. LUCY,       :
AIS 204880,
                       :
    Petitioner,
                       :
vs.                           CA 18-0218-WS-MU
                       :
WARDEN MARY COOKS,
                       :
    Respondent.

## ORDER

This action is back before the undersigned on Petitioner's motion to reconsider his motion to compel production (Doc. 24) and his motion for appointment of counsel (Doc. 25).

The motion to reconsider (Doc. 24) is **GRANTED**; however, the undersigned's ruling denying the motion to compel production (*see* Doc. 23) remains **UNCHANGED**. Lucy premises his motion for reconsideration on the following language contained in the Court's Order dated June 14, 2018 (*see* Doc. 14, at 3), which was also referenced in the Order denying the motion to compel production (Doc. 23, at 1): "Moreover, where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence, the entire trial record must be filed." (Doc. 14, at 3; *see also* Doc. 23, at 1.) Initially, the Court notes the unhelpfulness of this language to Petitioner's position, given that he makes no claims of ineffective assistance of counsel or insufficiency of the evidence in his habeas

corpus petition (*see* Doc. 12). More importantly, the undersigned simply makes explicit that which should be clear from a reading of the Order denying the motion to compel production (*see* Doc. 23), and that is the entire trial record with respect to Lucy's underlying state criminal conviction (for offering a false instrument for recording against a public servant, in violation of Ala.Code § 13A-9-12(c)—CC 13-05332), which he is collaterally attacking in this Court, was filed with this Court (*compare id. with* Doc. 20, Attached Exhibits and Doc. 14, at 3). The Order denying Petitioner's motion to compel (Doc. 23) was **PROPER.**

Turning to Petitioner's motion for appointment of counsel (Doc. 25), the undersigned would observe that this motion contains no **completed** certificate of service indicating that the attorney representing the Respondent was served with a copy of the motion. (*See id.*, at 1.) It is, therefore, **ORDERED** that the motion be **STRICKEN**. Fed.R.Civ.P. 5(d)(1) ("Any paper after the complaint that is required to be served—together with a certificate of service—must be filed within a reasonable time after service."); *cf.* S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."). Additionally, this motion is properly **DENIED** for the reasons set out below.

In support of his request for appointment of counsel, Lucy cites to § 15-12-23 of the Alabama Code and argues that his "rights cannot be adequately protected without counsel who can assist [him] in these proceedings[,]" as he is "uneducated and the[]

proceedings are complex." (Doc. 25, at 1; *see also id.* ("Appointment of counsel would not only aid Petitioner but the Court and Respondent as well.")).

"In federal habeas proceedings, appointment of counsel prior to an evidentiary hearing is necessary only when due process or the 'interests of justice' require it." *McBride v. Sharpe,* 25 F.3d 962, 971 (11th Cir.) (citations omitted), *cert. denied*, 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994);[1] *cf. Crawford v. United States,* 2010 WL 1978259, *1 (N.D. Ga. May 14, 2010) ("In collateral proceedings challenging a conviction, appointment of counsel is necessary only when due process or 'the interests of justice' require it."); *United States v. Hernandez,* 2008 WL 4559103, *1 (S.D. Fla. Oct. 10, 2008) ("Situations where appointment of counsel for § 2255 cases is very rare, and such appointment is typically reserved for truly complex and legally subtle cases[.]").

A preliminary evaluation of the claims asserted by petitioner has neither revealed that the issues are too complex for him to handle on his own, as he claims, or that due process or the "interests of justice" otherwise require appointment of counsel is necessary at this stage in the proceedings. Accordingly, petitioner's motion for appointment of counsel (Doc. 25) is **DENIED**. As previously indicated, however, if the undersigned later determines that an evidentiary hearing is required, counsel will be

---

[1] "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." 28 U.S.C. foll. § 2254, Rule 8(c); *compare id. with* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—is seeking relief under section 2241, 2254, or 2255 of title 28."). Section 15-12-23 of the Alabama Code plays no part in this Court's analysis of whether appointment of counsel is appropriate in a federal habeas corpus action.

appointed to represent the Petitioner. *See* 28 U.S.C. foll. § 2254, Rule 8(c).

**DONE** and **ORDERED** this the 25th day of September, 2018.

        s/P. BRADLEY MURRAY
    **UNITED STATES MAGISTRATE JUDGE**